Our next case is ZyXEL Communications v. UNM Rainforest Innovations, 2023-12-72. May I proceed, Your Honor? Yes, Counselor. Could you pronounce your name for us, please? Mr. Dietrichs. Dietrichs. Good morning, Mr. Dietrichs. Please proceed. Good morning, Your Honors. I'm Jonathan Dietrichs for ZyXEL Communications. May it please the Court. The subject matter of the patent at issue in this appeal may be complex, but the legal issue that needs to be decided is not. It presents just a single legal issue, whether the Board erred in granting, in part, UNM's motion to amend, or UNM failed in the motion to identify the required written description support for all claim limitations of the proposed substitute claims. In other words, if we don't agree with you on the procedural question, you're not arguing the merits. That's correct, Your Honor. Can I ask, do I understand correctly that you or your client was here yesterday? Yes, Your Honor. Is that the same issue, the same procedural issue? Yes, it is an identical procedural issue. Now, there is no dispute that the applicable precedent places the burden on the patentee pursuing a motion to amend to identify, in the motion, written description support for all claim limitations of any proposed amendment claims. And here, there's no dispute that UNM failed to do so in its motion. Rather, it presented written description support for several claim limitations. Let me ask you, I'm scratching my head a little bit here because it really seems to me that two things are in play. I wonder if you could address them. First of all, what happened here seems to be the quintessential example of what the PILOT program was meant to address and how it was supposed to operate. And secondly, in that context, it seems that there's no harm, no foul. In other words, harmless error. Where was the harm here? And address both the PILOT program issue and any harm. Let me first address the PILOT program notice, Your Honor. The PILOT program notice cites to both Rule 42-121 and the Board's precedential electrosonics decision and reiterates that to meet the statutory and regulatory requirements, a motion to amend must set forth written description support for each substitute claim. Now, the PILOT program does create a procedure where the Board offers preliminary guidance. The Board did so here and found that UNM's motion did not comply because it hadn't set forth written description. So you can factor in a reply brief, right? Yes. So this comes from the procedural wrinkle created by the PILOT program notice. It gives the patentee two choices. Either if, let's say, the Board's guidance has a merit and there's some deficiencies, they can proceed with a revised motion to amend. Let's say the prior art, the claims that they proposed are invalid over the prior art. They could propose narrower claims to overcome that. But the PILOT program notice states that if it's a revised motion to amend, the patentee needs to include one or more new proposed substitute claims. So there's four decisions, whereas here a patentee files a revised motion to amend directed to identical claims. To expunge that is not complying with that requirement. And I think there's, importantly, if it's a revised motion to amend, the PILOT program notice allows the patentee to present both new argument and new evidence. Now let's say a patentee thinks the Board got it wrong. They can file a reply and present rebuttal evidence. And the PILOT program notice states that in a PILOT program notice reply, the patentee can present new evidence. But the key thing is, unlike with the revised motion to amend, it doesn't say new argument. And so I don't see anything, Your Honor, that disregards... Let me say it that way. Weren't you able, though, to get all of your arguments before the Board to be heard? No, Your Honor. So this comes to because we first, because the patent owner first presented its written description arguments in its reply paper, our first chance to respond to that was in a surreply paper. And, of course, in a surreply, we have no opportunity to submit rebuttal expert opinion. Well, you could have asked if there was anything you thought was important to the evaluation of the material in the reply, the new written description support, that you thought would not be possible to present in a surreply. You could, right? Didn't we say this? Because in Belkin, the rules allow the Board to waive any particular limits of rules if justified. And did you ask the Board to allow you to present new evidence, new argument in a kind of expanded surreply, one that in the ordinary course would not be permissible? So we had, Your Honor, in connection prior to the Board's expungement of the improper revised motion to amend, we pointed out the prejudice to us in not having expert opinion on a surreply, and also the prejudice in having reduced page limits because an opposition has a relatively large number of pages and a surreply is smaller. And in response to that, the Board allowed us additional pages, but did not give us the opportunity to submit expert evidence. So in what you just said, I think I didn't quite hear you say, so did you say we would like an opportunity to present additional expert evidence? In the context of the papers, yes. In the context of did we arrange a conference call and file a formal motion seeking expert evidence, we did not do that, Your Honor. But I don't think that was required. You know, let's go to my position. It goes, I think, back to Judge Schall's question. But it would be one thing if there were, you know, what you would consider in basic administrative law or even due process terms, a violation of the procedural opportunity to address something new with material that's necessary to address it. And one thing if you said, if you asked for that and was denied it. But you haven't said that here, and in which case it's a little hard to see what the prejudice was to your client here. I agree that that would present a different record, but I don't think it's required. I mean, for example, we see in the Board's decision in Lippert's components as well as in free stream media, both motion to amend cases that presented exactly the same relevant fact pattern here, not including written description on the motion to amend and then presenting it in reply, and those decisions saying, citing to Rule 4223B, the applicable rule that states all arguments in support of a motion must be made in the motion, a reply may only respond to the corresponding opposition. You know, that's the relevant rule. And those Board decisions in Lippert components and free stream media cited that rule and said, hey, you know what? That reply argument came too late. Motion to amend is denied. There's nothing in the pilot program notice that changes that. As I pointed out, it both requires, it confirms that electrosonics must be met, and it also states that the reply can present new rebuttal evidence. It does not state that the reply can present a new rebuttal argument. And this Court in its Just so I'm clear, in the pilot program rules, if that's what they are, does it allow a revised motion to amend where the amendment hasn't changed? It's just the motion is revised because it now contains support that wasn't there before, whereas the revised motion to amend that's contemplated, authorized, whatever, by the pilot program limited to one in which the actual amendment is altered. The latter, Your Honor. So And that's what the Board said here, right? When the new filing was originally submitted with the written description support for the unchanged elements, the Board said, well, this is not a proper revised motion to amend because you didn't change the amendment, right? So we do this by whatever reply in the ordinary course. That's right. So it's on page 949 of the notice in the Federal Register. And, quote, a revised motion to amend includes one or more new proposed substitute claims in place of previously presented substitute claims. So that's been interpreted as a requirement to include those new substitute claims here in the Board expunging the improper reply paper and in other Board decisions. But going back to Rule 4223B, which in the motion to amend context, in Lippert Components and Free Stream Media, the Board has found to apply, to prohibit untimely new reply arguments. That's the same rule applied by this Court in its decision in Intelligent Biosystems. Now, I recognize that that case involved a petitioner reply. But it's the same principle that in IPR proceedings, those are proceedings on the papers. Procedure is important. And this Court in Intelligent Biosystems affirmed the Board's refusal to consider untimely new reply argument because it could have presented earlier, just as the argument here could have presented earlier. And the Intelligent Biosystems decision affirmed on only that basis and explicitly declined to consider the substance. Is the citation of support for a claim an argument for the relief requested? I'm sorry, Your Honor. I didn't catch that. You're talking about support for a claim. Yes. CFR 4223B says all arguments for the relief requested. Yes. Is an assertion of support an argument for relief? Yes. And that's what Lectrosonics states. Consistent with Rule 4223B, Lectrosonics states that all arguments in support of a motion to amend must be made in the motion to amend, and then goes on to elaborate that those requirements include the requirement to show written description support, which includes the requirement to show not just the added limitations and the substitute claims, but all of the limitations of those claims, which is consistent with this Court's jurisprudence that written description support requires a showing of the claim as an integrated whole, not just the individual claim limitations. Your rebuttal, Your Honor. I want to make a quick assessment. Yes. I understand, right, that two months ago or so, the PTO proposed issued a notice of proposed rulemaking to extend the pilot program and make it permanent. Is that right? That's consistent with my understanding, Your Honor. So maybe you won't know the answer to the follow-up question. Are there any changes made in the proposed permanent program that might address this question of a revised motion for an unrevised amendment? I am not aware of those changes. That's fine. Okay. Thank you, Your Honor. Mr. Kaysen. May it please the Court. Jay Kaysen for the Apelli University of New Mexico. Your Honors, we presented written description support for the new language in the motion itself. When we presented the motion to amend, we did not present support for the original claim language. So we treated it as traditional prosecution. Then, in the preliminary guidance, the Board looked at the same amended claim and said, your citations support the entire claim. We see that. We see that your cite, even though you focused on the new language, the support actually is there for the entire claim. And you can see that in APPX 592. So then they told us, you may want to show in the reply the full cite. We didn't add any new cites. They could have objected to our citations supporting written description. They never did. They did not do it in the petitioner's opposition to the motion to amend. Our cites never changed. In the reply, we simply pointed out, as the Board invited us to do, because they said it's readily obvious. We see it. It's readily obvious to us that the entire claim is supported in the same places. And so we simply pointed that out. Now, in the rules, in the motion to amend pilot program notice 9501, it says, you can use a reply to respond to the preliminary guidance, and you can use the reply to respond to the opposition. And that's what we did. The same thing, the same principle for using the reply was also raised after the briefing in this case was over, in ortho fix med versus spine holdings, where this was then affirmed. That PTAP holding was affirmed by this court on August 11th, 2023. Now, if we don't agree with you, and we conclude that there was a procedural defect here, what happens when it goes back, because the merits have not been appealed, and PTAP has already decided the merits, what's going to happen? Your Honor, this was a situation where, this is in 2022. It's more than two years ago. The program was relatively new at that time, and we did the best we could. We even filed, because we were not sure whether to go down the path of a revised motion to amend or a reply. We were not sure. And it really goes to Judge Toronto's point. I don't think you're answering my question. I'm trying to, Your Honor. What I was saying is we did everything we could. We tried the revised motion to amend, but then they came back to us, and then they expunged it. They basically. Suppose we say you actually violated the rule, and that the board impermissibly allowed you to supplement the support needed for the motion to amend, and that's improper. And we said, you know, take it and remand. What is supposed to happen? Your Honor, it would be a very draconian result in a situation where it's really not justified by the facts here. Because, I mean, we showed the support. We agreed. We did not show the support to the original claim, and we showed it only for the new. But the citations never changed. It's the same information. And it would be a draconian result to basically say you can't put in the amendment. And in cases like aqua products emphasizes how important the motion to amend process is, such a vital part of the IPR process for the patent owner. And we showed very clearly here that inter-symbol cyclical shifts is simply not shown in any of the prior articles cited. And that's the reason why when we made it clear in the claim that we actually are talking about, you know, inter-symbol cyclical shift, not intra-symbol. And we made that point clearly. Basically, the board said, we get it. We agree. And they allowed the case to go forward. Now we're going to go on. You seem to be arguing that the result of vacating and remanding would be draconian. Yes. At least I'm interested in let's assume we do it anyway. Are you, I don't know, I think conceding that there would be no opportunity for you on remand to have the board, I don't know, look again at this amended, these amended claims? No, Your Honor. I mean, if we were to simply go back and start a do-over on the motion to amend, we are very confident, in fact, it's so clear that there is written description support. There was never any issue that there is written description support. So if you have to do a do-over on the motion to amend, that would be completely fine with us. It just would, it's really a procedural vehicle called do-over. You're using it in an informal way, but I guess at least what I'm interested in is, is there an opportunity for you to get back to the merits with this procedural defect cured? Or has that ship sailed? I mean, again, we are happy to go through the motion to amend again. I just want to point out, Your Honor, that the board, when they, when they, there have been situations like Lippert that Appellant pointed out. In Lippert v. Day, there were unused string citations, and the board said, I can't figure out if there's written description support here. But that was not what we have here. Here we had written description support. We showed it. So it's, the board said, yes, you provided parenthetical explanations. You provided quotes. We see it. It's there. So I think they were just trying to avoid penalizing us because they could see that what we had done was simply point to places that supports the whole claim. I think that's, it was not unused string citations like Lippert. It was simply right there, and we treated it like traditional prosecution and showed only support for the new language without the old language. And when they pointed it out to us, we took care of it. Intelligent biosis is an entirely different situation. In intelligent biosis, the petitioner made a new argument for obviousness in their reply for the first time. And that is what the board said you can't do. You can't, at the reply stage, you cannot bring up a new argument. And this is when the petitioner's reply, not in the motion to amend process, but in the main process. That is not what went on here. Electrosonics is also a different situation. By the way, electrosonics is before this new pilot program. So I want to point that out. But in electrosonics, the issue was are you showing written description support in the motion itself or in the appendix or claims listing? We never showed support in the appendix or claims listing. So we never did that. We showed the support in the main body of the motion. So electrosonics is completely inapplicable. So the cases that appellant is citing, in fact, supports us. And I want to make one more point. So going back to what I mentioned, they did have a chance in the opposition to contest written description. In addition, when the board issued an order expunging, the board actually gave them more pages and said you can treat this just like a response to a revised motion to amend and increase the number of pages to 25. And instead of the traditional 12. So they actually provided an opportunity in response to the comments that they made in the telephonic conference. APPS 752 is where the SOAR reply begins. And you can see that it's a much longer SOAR reply. And the order expunging our revised motion to amend and telling us to file a reply accommodates the concerns that they raised. At that point, they never said we want to file an expert report contesting it. None of these points were brought up at that time. And the order expunging the revised motion to amend is at APPX 717. I believe that is the points that I wanted to cover. Do your honors have any other questions? No one ever loses points by not using up all their time. Thank you. Mr. Dutrex? Just briefly, Your Honor, I have four short points. On that last point by counsel, the order expunging and authorizing a SOAR reply, that didn't say to treat the SOAR reply as an opposition. The only relief it provided was expanding the page count, nothing to do with allowing new evidence or exactly new evidence, such as an expert declaration. On the preliminary guidance, the pilot program did state the opportunity to respond to the preliminary guidance. That would be appropriate in the form of rebuttal argument and so forth. But combined with the other provisions of the pilot program notice that don't permit new argument and only new evidence, that principle still holds. Lipid components, I'd just like to emphasize, the board there did not analyze the substance of the alleged written description support in reply. On reply, there were string citations with no parentheticals. The board just said, hey, we're not going to look at that. And so it was still purely a procedural reason without considering the substance of that alleged support. And then finally, I don't think a remand to give the patent owner a new second revised motion to amend would be appropriate. The pilot program already gives a patent owner one chance at a revised motion to amend, subject to its requirements. Now, patent owner didn't avail themselves for that because of the procedural or the requirement of being directed to move claims. But that's still a much better place to be in than the patent owner in lipid components, which didn't get a single do-over. And unless your honors have any questions, that's all I have. Thank you, counsel. The case is submitted.